JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-7847-RGK (JCx)** | Date | October 24, 2016 |
|---|---|---|---|
| Title | ***JOHNSON OKUNNUGA v. QUEST DIAGNOSTICS, INC. et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On October 20, 2016, Defendant Quest Diagnostics ("Quest") removed this action from the Los Angeles County Superior Court to the United States District Court, Central District of California on the basis of diversity jurisdiction.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Quest states that, although Defendant Kimberly Schumacher is a California citizen, she is fraudulently joined, and should not be considered for purposes of determining diversity jurisdiction. However, based on the face of the Complaint, it is not clear that Ms. Schumacher is fraudulent joined. Nor has Quest met its burden of establishing fraudulent joinder. Therefore, the Court finds that the presence in this action of Kimberly Schumacher, who is undisputedly California citizens, defeats diversity jurisdiction.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

             :     

Initials of Preparer